# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSEPH L. BROWN, #07942-025, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 11-cv-109-JPG |
| | ) | |
| BRENNER and UNKNOWN PARTIES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Joseph L. Brown, an inmate in USP-Hazelton, Bruceton Mills, West Virginia, brings this action for deprivations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff is serving a 78 month sentence for conspiracy and intimidation. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

Prior to his incarceration in USP-Hazelton and during his pretrial detention, Petitioner was in the custody of the United States Marshal Service and was held by the Alton, Illinois, Police Department. During this time (Petitioner does not give the date) Defendant Brenner (an Alton Police Officer), along with Defendant Unknown Party Police Officer and Defendant Unknown Party Correctional Officer,[1] entered Plaintiff's cell and ordered him to strip naked. Plaintiff claims he was not being searched or placed on suicide watch. Plaintiff was the only occupant of his cell.

---

[1] Plaintiff identifies these two individuals as "Police Officer" and "Correctional Officer" in his complaint. He also refers later to an "Officer;" this may be a third individual, but the complaint is not clear on this point.

One of the Defendants held a taser pointed at Plaintiff. While Plaintiff was removing his shirt, Defendant Brenner placed his hands on Plaintiff's buttocks and pulled down Plaintiff's pants and underwear. The Defendants then left Plaintiff's cell.

Some time later, a Defendant Unknown Party Officer "re-entered" Plaintiff's cell. It appears from the complaint that this "re-entry" happened the same day as the strip search, but this is not clear. It is also not clear from the complaint whether Plaintiff was still naked or had put his clothes back on at that point. Plaintiff was on the floor, and this Defendant Unknown Party Officer began touching Plaintiff's pubic/pelvic area with his fingers or with another object. The complaint does not state clearly whether this Defendant Unknown Party Officer was one of the two aforementioned Unknown Parties (either the Police Officer or the Correctional Officer) who participated in the strip search, or some other individual. Plaintiff was later told this Defendant Unknown Party Officer's name could be Morelly, Morales, or Ludwig.

Plaintiff also claims he was verbally harassed by the Defendant Unknown Party Correctional Officer, who told Plaintiff to "suck his penis" and called Plaintiff a child molester (Doc. 1, p. 5). This Defendant also threatened Plaintiff's life and said he would "fuck [Plaintiff] up" if Plaintiff left his cell to use the bathroom (there was no toilet in Plaintiff's cell) (Doc. 1, p. 5). Finally, Plaintiff alleges the Defendant Unknown Party Correctional Officer refused to give Plaintiff a food tray on multiple occasions.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into three (3) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation

of these counts does not constitute an opinion as to their merit.

**Count 1 - Strip Search and Sexual Abuse**

Although Plaintiff does not specify the date on which the alleged strip search and unwanted sexual touching occurred, it appears that he was a pretrial detainee at the time. Plaintiff was not sentenced by this Court until March 11, 2010, in his criminal case, and may have been in custody in Alton since April 28, 2008. (*See* Docs. 33 and 132 in *United States v. Joseph L. Brown*, Case No. 08-cr-30053-MJR-DGW-1).

Courts have recognized that arbitrary or blanket strip searches of pretrial detainees may violate the constitution. *See Bell v. Wolfish,* 441 U.S. 520, 558-60 (1979) (search of pretrial detainees after contact visits with outsiders was reasonable); *Calvin v. Sheriff of Will Cnty.*, 405 F. Supp. 2d 933, 938-940 (N.D. Ill. 2005) (noting that "*Bell* did not validate a blanket policy of strip searching pretrial detainees"). *Bell* instructs that in balancing the detainee's constitutional rights with the security concerns of the institution, courts must consider the scope of the intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. *Bell*, 441 U.S. at 559. The Seventh Circuit has viewed with disfavor the application of a blanket policy to strip search detainees in the absence of probable cause to believe that the individual was concealing contraband or weapons. *Tinetti v. Wittke,* 620 F.2d 160 (7th Cir. 1980) (affirming 479 F. Supp. 486 (E.D. Wis.1979)); *see also Mary Beth G. v. City of Chicago,* 723 F.2d 1263, 1272 (7th Cir. 1983) (describing strip searches as "demeaning, dehumanizing, undignified, humiliating, terrifying, unpleasant, embarrassing, repulsive, signifying degradation and submission").

Although civil rights claims brought by detainees arise under the Fourteenth Amendment

and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the

Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to

claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted

prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005)

(quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n. 2 (7th Cir. 1999)). Strip searches that are

not related to legitimate security needs or are conducted in a harassing manner in order to

humiliate and inflict psychological pain, may be found unconstitutional under the Eighth

Amendment. *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003); *see also Meriwether v.*

*Faulkner*, 821 F.2d 408 (7th Cir. 1987) (allegation of calculated harassment by strip searches

stated Eighth Amendment claim), *cert. denied*, 484 U.S. 935 (1987).

Plaintiff appears to allege that there was no legitimate security reason for the strip search,

and that Defendants Brenner, Unknown Party Police Officer, and Unknown Party Correctional

Officer took these actions to harass and humiliate him. Thus, Plaintiff has stated a constitutional

claim for the strip search that is not subject to dismissal at this time.

Plaintiff's allegations that during the strip search, Defendant Brenner touched Plaintiff's

buttocks and pulled down his pants and underwear, goes beyond the indignities of a strip search

alone, and crosses the line into what may be described as sexual abuse. Likewise, the physical

sexual touching by the Defendant Unknown Party Officer who re-entered Plaintiff's cell following

the strip search and touched his pubic area, raises the same concerns.

While physical pat-down searches are often necessary and do not normally violate

constitutional rights, even where the pat-down involves the groin area, if physical touching goes

beyond what is necessary to search for contraband, a constitutional claim may be stated. *See*

*Perales v. Bowlin*, 644 F. Supp. 2d 1090, 1098 (N.D. Ind. 2009) (citing *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004)).  *See also Boddie v. Schnieder*, 105 F.3d 857, 861 (2nd Cir. 1997) ("Because sexual abuse by a corrections officer may constitute serious harm inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims.")  Plaintiff's allegations, at this stage of the litigation, state claims for sexual abuse against Defendant Brenner for pulling down Plaintiff's pants, and against Defendant Unknown Party Officer for touching Plaintiff's pubic area, that are not subject to dismissal pursuant to § 1915A.  These claims will therefore proceed.

**Count 2 - Verbal Harassment**

Plaintiff's complaints of verbal harassment and threats of physical harm by Defendant Unknown Party Correctional Officer, however, do not state a constitutional claim.

Plaintiff understandably took offense at being called a "child molester" and "little boy molester," when there was no truth to these accusations (Doc. 1, p. 5).  He also states he was "sexually harassed" when Defendant Unknown Party Correctional Officer told Plaintiff to "suck his penis" (Doc. 1, p. 5).  There is no indication from the complaint that this harassment was anything other than an occasional or one-time occurrence.

Isolated, infrequent incidents of verbal abuse do not give rise to an Eighth Amendment claim.  *See, e.g ., Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992).

> The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution.  *See Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987); *accord Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir.), *clarified on rehearing*, 186 F.3d 633 (5th Cir. 1999).  Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.  *See Ivey*

> *v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) (Eighth Amendment); *Patton*, 822 F.2d at 700 (due process); *Williams*, 180 F.3d at 705-06 (equal protection).

*DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). *See also Antoine v. Uchtman*, 275 F. App'x 539, 541 (7th Cir. 2008) ("[T]he Constitution does not compel guards to address prisoners in a civil tone using polite language.").

Based on this authority, the name-calling and sexual comments described in the complaint fail to state a constitutional claim, and must be dismissed with prejudice.

Plaintiff also alleges that Defendant Unknown Party Correctional Officer threatened his life "multiple times," and said he'd "fuck [Plaintiff] up" if Plaintiff left his cell to go to the bathroom (Doc. 1, p. 5). In some circumstances, a threat may rise to the level of cruel and unusual punishment. *Dobbey v. Ill. Dept. of Corr.*, 574 F.3d 443, 445 (7th Cir. 2009); *see, e.g., Irving v. Dormire*, 519 F.3d 442, 445, 449-50 (8th Cir. 2008) (pattern of conduct by defendant including allowing another inmate to attack plaintiff, offering to pay other inmates to beat him, providing a weapon to an inmate to use against plaintiff, and labeling plaintiff a "snitch," coupled with repeated verbal death threats, stated a claim); *Northington v. Jackson*, 973 F.2d 1518, 1523-24 (10th Cir. 1992) (prisoner's allegation that correctional officer put a gun to his head and threatened to shoot him stated Eighth Amendment claim); *Burton v. Livingston*, 791 F.2d 97, 100-01 (8th Cir. 1986) (defendant pointed gun at plaintiff, cocked it and threatened to shoot). However, an "idle and laughing threat," or verbal harassment alone, will not give rise to a constitutional claim. *See Northington*, 973 F.2d at 1524; *Dobbey*, 574 F.3d at 446 (brief display of noose by white guard during a card game in officers' control room, in view of African-American plaintiff, was not a credible threat to kill or injure plaintiff).

Courts must apply an objective standard to determine whether a particular threat, given all the circumstances, may amount to a constitutional violation. *Dobbey*, 574 F.3d at 445. The pertinent inquiry is whether a "reasonable" victim would fear for his or her life as a result of the threat; not whether this plaintiff experienced actual fear. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006)).

In the instant case, Plaintiff states that Defendant Unknown Party Correctional Officer made verbal threats to him on multiple occasions. However, Plaintiff does not allege that this Defendant brandished or threatened to use a weapon against Plaintiff, or engaged in any other physical action that might have added to the verbal threats. Nor does Plaintiff indicate that Defendant's statement that he would "fuck [Plaintiff] up" if he left the cell deterred Plaintiff from doing so. Based on the allegations of the complaint, the verbal threats, unaccompanied by any other indicia of violence, do not appear sufficient to cause a reasonable plaintiff the level of fear that would constitute cruel and unusual punishment. Therefore, Plaintiff fails to state a claim upon which relief may be granted against Defendant Unknown Party Correctional Officer, and Count 2 must be dismissed with prejudice.

**Count 3 - Denial of Food**

Plaintiff alleges that he was "skipped out of multiple food trays" by Defendant Unknown Party Correctional Officer (Doc. 1, p. 5).[2] However, Plaintiff gives no further detail, such as how often this occurred over the apparently lengthy course of Plaintiff's pretrial detention.

---

[2] Although this claim is not factually related to the claim in Count 1, it may properly be brought in the same action, because both claims are against the same Defendant Unknown Party Correctional Officer. FED. R. CIV. P. 18(a).

Under the Eighth Amendment, serious deprivations of basic human needs like food, medical care, sanitation, and physical safety, can violate the Constitution. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *see also Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007); *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). The pertinent question is whether the objective conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987). In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim, in other words, the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson v. Seiter,* 501 U.S. 294, 303 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).

Plaintiff's brief statement in his complaint does not establish that the failure to provide him with food trays was frequent enough to deprive him of reasonable nutritional needs, or otherwise rose to the level of an objectively serious deprivation of the minimal necessities of life. Because Plaintiff has failed to outline an objectively severe constitutional violation, there is no need to address the subjective component of his allegations. Plaintiff has failed to state a constitutional claim upon which relief may be granted, and this count against Defendant Unknown Party

Correctional Officer shall be dismissed without prejudice.

**Unknown Party Defendants**

Plaintiff's complaint does not state the dates on which any of the alleged violations of his constitutional rights occurred. This has implications both for the timeliness of his lawsuit, and for his ability to identify and serve the Unknown Party Defendants named in Count 1 before the limitations period runs out. Plaintiff's complaint was filed with this Court on February 9, 2011. Plaintiff signed, and presumably delivered the complaint to the prison mailroom, on February 2, 2011 (Doc. 1, p. 6).

"*Bivens* actions, like actions under § 1983, are considered as personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred." *Delgado-Brunet v. Clark,* 93 F.3d 339, 342 (7th Cir. 1996) (citing *Lewellen v. Morley*, 875 F.2d 118, 120 (7th Cir. 1989); *Hardin v. Straub*, 490 U.S. 536, 539 (1989); *Wilson v. Garcia*, 471 U.S. 261, 279 (1985)). Illinois law provides a two-year statute of limitations for personal injury actions. 735 ILL. COMP. STAT. 5/13-202. Therefore, a *Bivens* action, like a § 1983 claim, that arises in Illinois is governed by a two-year statute of limitations. *See Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992).

A civil rights claim accrues, and the two-year limitations period begins, when "a plaintiff knows or should know that his or her constitutional rights have been violated." *Kelly*, 4 F.3d at 511. However, a Plaintiff's time limit to file his claim is tolled while he exhausts his administrative remedies through the institution's grievance process. Under Illinois state law, where there is a "statutory prohibition" to filing the action, such as the PLRA requirement that the

prisoner exhaust his administrative remedies before filing a civil rights action, the two-year limitations period is tolled. *Johnson v. Rivera,* 272 F.3d 519, 521-22 (7th Cir. 2001). Pursuant to 42 U.S.C. § 1997e(a), an inmate complaining of the conditions of his confinement must exhaust his administrative remedies prior to filing suit. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Lewis v. Washington*, 300 F.3d 829, 834 (7th Cir. 2002); *see also Taylor v. Stone*, No. 10-C-3681 2011 WL 2491357, at *4 (N.D. Ill. June 16, 2011) (pre-trial detainees, like inmates, must exhaust their administrative remedies, where they exist, prior to filing suit in court).

Plaintiff stated that he filed grievances concerning the alleged violations, but does not state when he did so. He indicated no response was received (Doc. 1, p. 4). Plaintiff has made some effort to obtain copies of his grievances (see Pending Motion below).

The expiration of Plaintiff's two-year limitations period also provides the deadline for his complaint to be amended to identify the unknown parties by name. A civil rights complaint cannot be amended to identify an unnamed defendant correctional officer after the limitations period has run, unless "there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *King v. One Unknown Fed. Corr. Officer,* 201 F.3d 910, 914 (7th Cir. 2000) (citations omitted); *Worthington v. Wilson,* 8 F.3d 1253 (7th Cir 1993); FED. R. CIV. P. 15(c)(3). Accordingly, if Plaintiff is unable to obtain the names of Defendant Unknown Party Police Officer, Defendant Unknown Party Correctional Officer, and Defendant Unknown Party Officer, all named in Count 1, and amend his complaint to add their names before the limitations period expires, those Defendants must be dismissed from this action with prejudice.

**Pending Motion**

Plaintiff filed a Motion to Enter Paperwork into Case (Doc. 14) on March 17, 2011. The paperwork he seeks to add is a March 11, 2011, letter he wrote to an "Administrator," presumably at the Alton City Jail, seeking copies of grievances Plaintiff filed while there, and names of the individuals involved in the incidents. The Court **GRANTS** Plaintiff's motion, and the Clerk is **DIRECTED** to file Plaintiff's letter as an exhibit to his complaint.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS TWO** and **THREE** fail to state a claim upon which relief may be granted, and thus are **DISMISSED**. The dismissal of **COUNT TWO** shall be with prejudice. The dismissal of **COUNT THREE** shall be without prejudice.

As to the claims in **COUNT ONE**, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on **DEFENDANT BRENNER**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendant Brenner pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[3] All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

Service shall not be made on the Unknown Party Defendants until such time as Plaintiff

---

[3] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the*

*parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under an obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   September 7, 2011**

**_s/J. Phil Gilbert_**
**United States District Judge**