# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH L BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. **3:11-cv-00109-JPG-PMF** |
| ) | |
| BRENNER, UNKNOWN PARTY, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Brenner's (Doc. 30) motion for summary judgment. The plaintiff has not responded to the motion. For the following reasons, it is recommended that the defendant's (Doc. 30) motion for summary judgment be granted.

## I. FACTS

On May 22, 2009, plaintiff Joseph L. Brown was taken into custody by the U.S. Marshals Service ("USMS") in East St. Louis, Illinois. Brown was then transferred to the Alton Police Department ("Alton") in Alton, Illinois, where he remained jailed until August 4, 2009. The USMS informed Alton prior to Brown entering its jail facility that Brown had a history of prior suicide attempts by hanging, tends to bang his head against cell doors, and has battered prison staff on prior occasions. Brown was placed in a single-occupancy cell at Alton and issued one paper suit, one mattress, one suicide blanket, his legal paperwork, his religious items, and basic hygiene items. Brown was to be kept on 24-hour video surveillance during his time at Alton. *See* Doc. 31-1 at 1-2.

On two separate occasions in July (the 12th and 16th), Brown voiced his frustration regarding his ability to work on his legal matters while jailed at Alton. On the first occasion, he

1

requested to speak to someone with crisis prevention. On the second occasion, he threatened suicide if he was not transferred. Both times, Brown was evaluated, and it was determined that he was not suicidal. *See id*. at 3-4.

On July 17, Brown decided to act on his threats of suicide. Alton jailers observed Brown in his cell via video surveillance ripping up his clothes and blankets and tying them together to make a noose. Three Alton jailers, including defendant Brenner, came to Brown's cell and secured him in cuffs and shackles. The jailers found a suicide letter from Brown to his family. Brown was then moved to another cell and placed on suicide watch for 24 hours. *See id*. at 5-6.

Another incident involving Brown occurred on July 19. Jailers observed Brown covering the window of his cell door with paper. The Alton jailers twice advised Brown to remove the paper, to which Brown responded, "[Explicative deleted] ya'll what do I have to do get some [explicative deleted] privacy around [this] place." Three Alton jailers entered Brown's cell to remove the paper. Defendant Brenner instructed Brown to face the wall and place both of his hands on the wall. Brown was uncooperative and began cursing and threatening legal action against the jailers. Because Brown had damaged his jail uniform, it was removed, and he was issued a new one. *See id*. at 6.

On July 22, Brown informed an Alton jailer that he wanted to make a written complaint that he was the victim of sexual battery. Brown stated that the sexual battery occurred when the jailers removed his clothes and one of the officers touched him in his pubic area. When the jailer informed Brown that the incident he was describing would have been under constant video surveillance, Brown became belligerent and threatened the jailer with legal action. *See id*. at 7.

After a July 26 incident where Brown again claimed he was suicidal and had to be evaluated once again, Alton jailers responded to Brown's screams on August 1. Brown stated to

2

an Alton jailer, "Hey you [explicative deleted] pig, I gotta piss." Brown stated he was upset because he did not get his dinner. When the jailer pointed out the two boxes of cereal and Danish wrappers from breakfast, two lunch trays, and two dinner trays, Brown cursed at the jailer and began to spit on the window of his cell. Three Alton jailers, including defendant Brenner, then escorted Brown to and from the restroom. *See id*. at 8.

## II. PROCEDURAL HISTORY

The plaintiff filed a complaint against defendant Brenner and an unknown party pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), on February 9, 2011, alleging violations of his constitutional rights during his time at Alton while in the *de facto* custody of the federal government. Brown wrote the following in his complaint:

> While locked up at Alton[,] … an Alton police officer named Brenner entered my cell along with one other police officer and a correction officer. I was told to strip naked. I was not being searched or placed on suicide watch. I was being held at tazer point by another police officer. I began to remove my shirt and officer Brenner placed his hands on my butt cheeks and pulled my pants and my underwear down [bare] naked. I was not refusing to strip either. Sometime later, they left. Then an officer reentered my cell while I was on the floor and began touching me with his fingers or with an object in my pubic/pelvic area…

Doc. 1 at 5. On September 7, 2011, the Court screened the complaint pursuant to its authority in 28 U.S.C. § 1915A and dismissed two of its three counts. *See* Doc. 15. The Court found that Brown stated a constitutional claim for cruel and unusual punishment in violation of the Fourteenth Amendment of the U.S. Constitution for the sexual abuse allegations in the complaint. *See id*. at 4-6.

On February 16, 2012, the defendant Brenner filed the instant (Doc. 30) motion for summary judgment and a notice, in compliance with the applicable law of this Circuit, warning the *pro se* plaintiff of the consequences of failing to respond to motion for summary judgment (Doc. 32). *See Bryant v. Madigan*, 84 F.3d 246, 247 (7th Cir. 1996); *see also Lewis v. Faulkner*,

689 F.2d 100, 102 (7th Cir. 1982). Brown did not file a response within the allowable window. The Court then issued an order directing Brown to show cause why judgment should not be entered for the defendant Brenner. *See* Doc. 33. Brown responded to the show cause order by indicating that he doesn't have any help and doesn't know what to do. *See* Doc. 34. In response, the Court extended the response deadline for the pending motion for summary judgment for 30 days and directed the Clerk of the Court to resend the defendant's (Doc. 32) notice regarding the consequences of the failure to respond to a motion for summary judgment and a copy of Rule 56 of the Federal Rules of Civil Procedure. *See* Doc. 35. Additionally, the Court found no reason to reconsider its prior (Doc. 20) order denying the plaintiff's motion to appoint counsel in which Brown was found to be competent to litigate his own civil case.[1] Brown ultimately failed to file a response of any kind to the instant (Doc. 30) motion for summary judgment.

### III. DISCUSSION

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396.

---

[1] On October 7, 2011, the Court found that the factual and legal issues of this case were not so complex as to require appointment of counsel at that time, and the plaintiff was capable of proceeding through the dispositive motions phase of this case on his own. *See* Doc. 20 at 2. Brown has made no renewed requests for appointment of counsel since that time. With regard to the pending motion for summary judgment, the defendant and Court supplied Brown with clear information that strongly suggested he needed to get some sworn evidence on file. He failed to accomplish that relatively simple task.

A.  **Defendant Brenner**

Defendant Brenner argues that judgment should be entered in his favor because neither he nor any Alton jailer treated Brown improperly during the time he was held at Alton. In support of his motion, defendant Brenner asks the Court to consider the affidavits of himself and four other Alton jailers. *See* Doc. 30-1. All of the affidavits presented by defendant Brenner constitute sworn evidence that defendant Brenner never had any inappropriate contact with Brown. *See id*. In addition, defendant Brenner submits a series of incident reports that describe Brown's time spent at Alton beginning May 22, 2009, and ending August 4, 2009. *See* Doc. 31-1. There is no indication of improper conduct detailed within the submitted incident reports. *See id.*

As the Court stated in its initial screening order, "[a]lthough civil rights claims brought by detainees arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) without differentiation. *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999))." Doc. 15 at 4-5 (internal quotations omitted). Here, the evidence submitted by defendant Brenner, construed in a light most favorably to Brown, clearly indicates that he used reasonable force under the circumstances on the two occasions that he had contact with Brown at Alton. Accordingly, defendant Brenner's evidence, left uncontested, is sufficient to demonstrate that defendant Brenner is entitled to summary judgment. *See Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S.Ct. 995, 1000 (1992) ("The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de

minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal citations and quotation marks omitted)).

Brown has failed to file a response to the instant motion for summary judgment despite being repeatedly warned of the consequences for such a failure. In this situation, Brown's stubborn refusal to put any type of sworn evidence on the record should result in judgment in favor of defendant Brenner. *See* FED. R. CIV. P. 56(e) (the failure to support or properly address a fact may be grounds to consider a fact undisputed or summary judgment may be granted if the facts show that the movant is so entitled); *see also* SDIL-LR 7.1(c) (The lack of response to a motion for summary judgment may be construed as admission on the merits of the motion). Brown possibly could have survived summary judgment by merely submitting his own sworn affidavit echoing the allegations of the complaint. Brown's other filings in this litigation definitively suggest that he is more than capable of accomplishing that relatively simple task. His blatant refusal can only leave the Court guessing as to the merits of his allegations.

### B. Unknown Party

On January 5, 2012, the Court set February 3, 2012, deadline for the filing of an amended pleadings to identify the unknown defendant in this case. No motions to amend the pleadings have been filed as of the date of this order. Accordingly, it is now appropriate to dismiss the unknown defendant from this action without prejudice, in accord with Rule 4(m) and pursuant to Rule 41(b).

# IV. RECOMMENDATION

For the forgoing reasons, it is recommended that the defendant's (Doc. 30) motion for summary judgment be granted.

It is further recommended that judgment be entered in favor of defendant Brenner.

It is further recommended that the unknown party be dismissed from this action without prejudice, in accord with Rule 4(m) and pursuant to Rule 41(b).

If this report and recommendation is adopted in its entirety, there will be no further issues requiring the Court's attention in this case.

SO RECOMMENDED.

DATED: May 18, 2012.

*/s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**